UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID O'NEAL,

              Petitioner,          Case Number 01-10118-BC
                                              Honorable David M. Lawson

v.

PAUL RENICO,

              Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

David O'Neal, a state prisoner currently confined at the Mid-Michigan Correctional Facility in St. Louis, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that his parole was revoked in violation of his Constitutional rights. O'Neal was on parole from a custody sentence for criminal sexual conduct when in September of 1999, he pleaded guilty to two counts of violating his parole for possessing a computer with Internet access and a photographic scanner. As a result, his incarceration was continued for 24 months. The petitioner claims that he was erroneously denied the assistance of counsel at questioning and during his administrative hearing, and that he was convicted upon evidence seized during an illegal search and seizure. The respondent asserts that the petitioner's stated grounds for relief either are not cognizable in a federal habeas proceeding or without merit. The Court finds that the petitioner's claims lack merit and his constitutional rights were not abridged in the parole revocation process. Therefore, the Court will deny the petition for writ of habeas corpus.

I.

In 1994, the petitioner pleaded *nolo contendere* to a charge of third-degree criminal sexual conduct, Mich. Comp. Laws § 750.520d, in the Muskegon County, Michigan circuit court. His plea was accepted and he was sentenced to a prison term of six to fifteen years. The Michigan Court of Appeals affirmed the petitioner's conviction and sentence and the Michigan Supreme Court denied his delayed application for leave to appeal.

In February of 1999, the petitioner was paroled for the first time on his current sentence. He received a twenty-four-month parole term. In August of 1999, the petitioner was charged with violating four conditions of his parole. Following a preliminary hearing on the parole violation charges, the hearing examiner found probable cause on all four counts. In September of 1999, the petitioner pleaded guilty to counts two and four, while counts one and three were dismissed. The violations were sustained in a Parole Board Notice of Action dated October 22, 1999, and the petitioner's incarceration was continued for twenty-four months. The petitioner has since been denied parole on a number of occasions.

In March of 2000, the petitioner filed a petition for a writ of habeas corpus in the Gratiot County Circuit Court challenging his parole revocation. The court issued a *sua sponte* order dismissing the petition because "[a]n Application for Leave to Appeal a Decision of the Parole Board must be filed in the Circuit Court of the sentencing county." In June of 2000, the petitioner filed a habeas corpus action in the Michigan Court of Appeals, but the court returned the petitioner's papers to him because he failed to pay the filing fee, and the file was closed. *O'Neal v. Parole Board*, Mich. Ct. App. No. 228186. The petitioner did not seek leave to appeal to the Michigan Supreme Court.

The petitioner filed the present petition for writ of habeas corpus on April 6, 2001, asserting that the parole proceedings violated his federal rights. The petition sets forth the following claims:

> I. Conviction in violation of right to effective assistance of counsel. Preceding the ten day preliminary hearing a request was made for assistance of counsel, however, it was denied based on the assumption that the petitioner was a college graduate and spoke well for himself.
>
> II. Conviction obtained pursuant to an illegal search and seizure. Evidence was seized from a computer located in petitioner's uncle [sic] house without permission and without a warrant to search and seize.
>
> III. Conviction obtained in violation [of right] to be free from self-incrimination without an attorney present. Petitioner requested the presence of an attorney prior to the administrative hearing, prior to questioning and was denied.
>
> IV. Conviction obtained in violation of right to due process and equal protection of the law. Failure to provide an attorney violates the petitioner's right to due process, in turn, the petitioner was denied equal protection of the laws.

Petition at 12(A)-(D).

On September 14, 2001, the respondent filed a motion to dismiss the petition as untimely. On October 8, 2002, this Court issued an order denying the respondent's motion to dismiss and directing the respondent to file an answer. In his answer, the respondent argues that the petitioner's claims are not cognizable to the extent that they allege a violation of state law, and that the claims are otherwise without merit. On November 4, 2002, the petitioner filed a "Traverse to the State's Answer" in which the petitioner reiterated his challenge to his 1999 parole revocation.

II.

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), govern this case because the petitioner filed this habeas petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). That Act "circumscribe[d]" the standard of review federal courts must apply when considering

applications for a writ of habeas corpus raising constitutional claims. *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003).

> As amended, 28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases: An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998). Mere error by the state court will not justify issuance of the writ; rather, the state court's application of federal law "must have been objectively unreasonable." *Wiggins*, 539 U.S. at 520-21 (quoting *Williams v. Taylor*, 529 U.S. 362, 409 (2000); internal quotes omitted). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."); *see also West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996) (stating that "[t]he court gives complete deference to state court findings of historical fact unless they are clearly erroneous").

The Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams*, 529 U.S. at 405-06.

The Supreme Court has held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause of § 2254(d)(1) "when a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id.* at 409. The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . . .
>
> [A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* at 409, 410-11. *See also Harbison v. Bell*, 408 F.3d 823, 828-29 (6th Cir. 2005); *McAdoo v. Elo*, 365 F.3d 487, 493 (6th Cir. 2004); *Rockwell v. Yukins*, 341 F.3d 507, 512 (6th Cir. 2003) (en banc); *Lewis v. Wilkinson*, 307 F.3d 413, 418 (6th Cir. 2002).

However, as noted above, the state appellate courts rebuffed the petitioner's attempts to obtain judicial review of his parole revocation proceedings, and they did not issue a reasoned decision or explanation for rejecting his claims. Where the state court did not evaluate the merits of the petitioner's federal claim, the deferential standard of review prescribed by the AEDPA cannot

be applied, since "[t]his statute by its own terms is applicable only to habeas claims that were adjudicated on the merits in State court. . . . Where, as here, the state court did not assess the merits of a claim properly raised in a habeas petition . . . questions of law and mixed questions of law and fact [are reviewed] *de novo*." *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003) (internal quotes and citations omitted); *see also Clinkscale v. Carter*, 375 F.3d 430, 436 (6th Cir. 2004) (holding that where "no state court has adjudicated the merits of Clinkscale's ineffective assistance claim . . . the deferential standard of review set forth in section 2254(d) is inapplicable").

With these standards in mind, and noting that the state has not raised the issues of exhaustion or procedural default, the Court will address the petitioner's contentions.

A.

The petitioner's first, third, and fourth grounds for relief constitute a claim that his due process and equal protection rights were violated when he was not provided counsel during questioning or his subsequent parole revocation proceedings.

The Supreme Court first recognized a protected liberty interest in continued enjoyment of parole release status in *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972). In that case, the Court delineated the "minimum requirements of due process" for parole revocation procedures. 408 U.S. at 489. A parole revocation procedure must include:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation; (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

*Ibid.* The Court did not reach the question whether a parolee was entitled to the assistance of counsel. Subsequently, in *Gagnon v. Scarpelli,* 411 U.S. 778 (1973), the Court concluded that the decision whether to appoint counsel to an indigent parolee at a revocation proceeding must be made on a case-by-case basis. 411 U.S. 790. The Court noted that "considerable discretion must be allowed the responsible agency in making the decision." *Ibid.* The decisionmaker must consider whether the issues to be presented by the parolee at the hearing are "complex or otherwise difficult to develop or present," and whether the parolee "appears to be capable of speaking effectively for himself." *Id*. at 790-91. Where a request for counsel is denied, the grounds for refusal should be stated on the record. *Id*. at 791.

In the present case, the record reveals that the petitioner requested appointment of counsel at his preliminary hearing, but was denied. The hearing report states the following reason:

> Parolee did request an attorney represent him. The request was denied in that parolee is a college graduate and speaks very well for himself. Also, even if the charges are somewhat unusual, they are not that difficult as to require an attorney to adequately provide a defense. Even though parolee disagreed, he understood the rationale for denying an attorney at the preliminary hearing stage.

Parole Revocation Record at 30. In his traverse, the petitioner acknowledges that a court must decide on a case-by-case basis whether counsel should have been appointed for parole revocation proceedings. He argues that it was error, however, for the hearing examiner to conclude that the petitioner did not need an attorney because he was a college graduate and could speak well for himself. The petitioner contends that he should have been appointed an attorney because he was not educated in the law.

An educated person's lack of legal training does not necessarily mandate the appointment of counsel in order to make a parole revocation proceeding fundamentally fair. The petitioner was

charged, *inter alia,* with using a computer and scanner in violation of his parole conditions. The petitioner claims that his use was within allowed limits of his authorization to use a computer in connection with his college work. However, the hearing examiner believed the testimony of the petitioner's parole officer, who testified that she gave the petitioner permission only to use the computers at the school and specifically told the petitioner he was not allowed to possess a computer with Internet access. She testified that she told the petitioner to remove the computer from his home, but he failed to comply. The petitioner maintained that he removed the computer to which his parole officer referred, but he borrowed one from a friend thereafter. This Court is not persuaded that presentation or resolution of these questions in the parole revocation context required the assistance of counsel to protect this petitioner's right to due process. Because the petitioner was a college graduate and taking classes toward a master's degree, it was reasonable for the hearing examiner to conclude that the petitioner could grasp the issues and deal with them competently. The Court in *Gagnon* certainly did not suggest that all indigent parolees are entitled to appointed counsel if they have no legal training. *See Gagnon,* 411 U.S. at 790-91. Finally, the petitioner admitted the two counts of the parole revocation charges of which he was convicted and the other two charges were dismissed. Under these circumstances, the Court finds that the State's failure to appoint counsel for this petitioner at his parole revocation hearing did not constitute a violation of the petitioner's rights under the Due Process Clause.

B.

In his second claim, the petitioner contends that the authorities introduced evidence at the proceedings that was obtained in an illegal search and seizure in violation of his Fourth Amendment rights. However, a parolee in a parole revocation proceeding is not entitled to "the full panoply of rights" afforded in a criminal trial. *Morrissey*, 408 U.S. at 480. In *Pennsylvania Board of Probation and Parole v. Scott,* 524 U.S. 357, 364 (1998), the Supreme Court held that the exclusionary rule does not apply to evidence presented at parole revocation proceedings. Furthermore, the evidence submitted as a result of the search in the petitioner's case, evidence that he had visited erotic websites and downloaded pictures, was directed primarily to the two counts against him that were later dismissed. The petitioner admitted possessing a computer with Internet access as well as a scanner, the facts necessary to support the two counts upon which his parole was revoked. Therefore, excluding the evidence seized in the search would not have changed the outcome of the proceedings. The admission of the challenged evidence did not violate the petitioner's constitutional rights.

C.

In his traverse, the petitioner mentions for the first time that he was not allowed the opportunity to present witnesses. However, the report of the preliminary hearing states that the petitioner was afforded the opportunity to call witnesses:

> Parolee requested witnesses be present at the hearing. He requested Robert Dawson who did appear at the hearing. Parolee also initially made a request for "Tim" and an "other" staff person at Baker College. Without more specific names, these two witnesses did not receive notice because they could not properly be identified. Neither were present at the hearing.

Parole Revocation Record at 30. Under these circumstances, this Court is not persuaded that failure of the Parole Board to provide notice of the hearing to these proposed witnesses violated the petitioner's constitutional rights.

### III.

The petitioner has not established that he is presently in custody in violation of the Constitution or laws of the United States.

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus is **DENIED**.

                                                 s/David M. Lawson
                                                 DAVID M. LAWSON
                                                 United States District Judge

Dated: November 28, 2005

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 28, 2005.

                             s/Tracy A. Jacobs
                             TRACY A. JACOBS