UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID O'NEAL,

        Petitioner,         Case Number 01-10118-BC
                                          Honorable David M. Lawson

v.

PAUL RENICO,

        Respondent.
_____/

## ORDER DENYING A CERTIFICATE OF APPEALABILITY

This Court has denied David O'Neal's petition for a writ of habeas corpus which was brought pursuant to 28 U.S.C. § 2254. He has now filed a notice of appeal requesting a certificate of appealability.

I.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

A.

The petitioner first argued that his due process and equal protection rights were violated when he was not provided counsel during questioning or his subsequent parole revocation proceedings. As discussed in the Court's opinion and order, this claim lacks merit as the petitioner had no federal constitutional right to counsel in these proceedings. In *Gagnon v. Scarpelli,* 411 U.S. 778 (1973), the Supreme Court concluded that the decision whether to appoint counsel to an indigent parolee at a revocation proceeding must be made on a case-by-case basis. 411 U.S. at 790. The Court noted that "considerable discretion must be allowed the responsible agency in making the decision." *Ibid*. Because the petitioner was a college graduate and taking classes toward a master's degree, it was reasonable for the hearing examiner to conclude that the petitioner could grasp the charges against him and deal with them competently. The Court thus concludes that the petitioner has not made a substantial showing of the denial of a constitutional right concerning this habeas claim and he has not satisfied the standard for issuance of a certificate of appealability.

B.

The petitioner also asserted that he was convicted upon evidence seized during an illegal search and seizure in violation of his Fourth Amendment rights. As discussed in the Court's opinion and order, this claim also lacks merit as the exclusionary rule does not apply to evidence presented at parole revocation proceedings. *Pennsylvania Board of Probation and Parole v. Scott,* 524 U.S. 357, 364 (1998). Thus, the petitioner has not made a substantial showing of the denial of a constitutional right and he has not satisfied the standard for issuance of a certificate of appealability as to this claim.

II.

The Court has received a notice from the Sixth Circuit Court of Appeals that the case is awaiting adjudication as to whether the petitioner may proceed in forma pauperis. The petitioner, however, has not presented to this Court an application to proceed in forma pauperis. The Court cannot address that issue until it has adequate information as to the petitioner's financial circumstances. The Court will promptly decide such an application as soon as it is filed.

III.

Accordingly, it is **ORDERED** that a certificate of appealability is **DENIED** with respect to the petitioner's claims.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   January 13, 2006

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 13, 2006.

s/Tracy A. Jacobs
TRACY A. JACOBS